ENGLAND, Chief Justice,
dissenting.
Contrary to my colleagues, I find the order here under review to be the result of an unwarranted expansion of the declaratory statement procedure prescribed by section 120.565, Florida Statutes (1977),[1] and, consequently, a departure from the essential requirements of law.
Under protest from Florida Rock & Tank Lines, Inc. and others, a Public Service Commission hearing examiner granted Silco Petroleum Carriers, Inc. the authority to transport bulk petroleum products within a particular territory in and around Duval County. The protestants petitioned for reconsideration of the order and, subsequently, the Commission issued a modified order — Order 13509. This order granted Silco the authority to transport only “gasoline, diesel, kerosene, No. 2 fuel oil and home heating oil between all points in Duval County.” Neither Silco nor the protestants sought review of Order 13509 by this Court.
In a subsequent proceeding allegedly under section 120.565, Silco petitioned the Commission for a declaratory statement regarding two aspects of Order 13509: (1) whether “No. 2 fuel oil” included heavier oils, such as Bunker C oil,[2] and (2) whether “Duval County” included the suburban territory of Duval County.[3] Silco further requested that if the Commission construed Silco’s authority to exclude the transport of Bunker C oil to and from Duval County’s suburban areas, Order 13509 be modified to include authority for that product and to and from that expanded territory. The Commission responded to Silco’s petition with Order 13885, which stated “that the authority issued to Silco Petroleum Carriers, Inc. be . modified and clarified so as to authorize the transportation of gasoline, diesel, gasoline [sic], fuel oil, No. 2 fuel oil and home heating oil between all points within Duval County and its suburban territory.” (Emphasis supplied.)
The Commission now asserts that Order 13885 was merely a “clarification” of Order 13509. It is abundantly clear to me, however, that Silco emerged from the declaratory statement proceeding with the right to transport more commodities within a larger territory than had been authorized under Order 13509.
Both the transportation of heavier oils and the scope of territorial boundaries had been the subject of express concern by the protestants in the original proceedings. In effect, the Commission has utilized the declaratory statement procedure to redetermine rights once fully resolved and, in so doing, has denied protestants’ procedural due process rights guaranteed in Florida’s Administrative Procedure Act. I would hold that the Commission’s modification of its final agency order in this case is wholly inconsistent with the purposes of section 120.565, Florida Statutes (1977), and that it represents an egregious departure from the essential requirements of law.
SUNDBERG, J., concurs.

. Section 120.565, Florida Statutes (1977), requires agencies to provide procedures for the “prompt disposition of petitions for declaratory statements as to the applicability of any statutory provision or of any rule or order of the agency.”

. The parties seem to agree that, while No. 2 fuel oil and Bunker C oil both fall within the category of fuel oils, they are different grades of oil and have different uses.

.The suburban territory of Duval County includes areas five miles outside the boundaries of Duval County. § 323.01(1 l)(d), Fla.Stat. (1977).